# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 13-        (EGS)** |
| | : | |
| v. | : | VIOLATION:  21 U.S.C. § 846 |
| | : | (Conspiracy to Distribute and Possess With |
| **JENNIFER JOHNSON** | : | Intent to Distribute at least 100 Grams |
| Defendant. | : | of Heroin) |
| | : | |
| | : | **CRIMINAL FORFEITURE** |
| | : | **21 U.S.C. § 853** |
| | : | |
| | : | **UNDER SEAL** |

## INFORMATION

The United States Attorney charges that:

## COUNT ONE

From at least March 2011, up to and including November 28, 2012, within the District of Columbia and elsewhere, **JENNIFER JOHNSON,** did knowingly and willfully combine, conspire, confederate and agree together and with other persons both known and unknown to the government, to unlawfully, knowingly, and intentionally distribute and possess with intent to distribute a mixture or substance containing a detectable amount of heroin, a schedule I narcotic drug controlled substance and the said mixture or substance was 100 grams or more, in violation of Title 21, United States Code, Sections 841(a)(1) and 841 (b)(1)(B)(i).

**(Conspiracy to Distribute and Possess With Intent to Distribute 100 Grams of Heroin in violation of Title 21, United States Code, Section 846)**

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of this offense; and any property used, or

intended to be used, in any manner or part, to commit, or to facilitate the commission of this offense. The United States will seek a forfeiture money judgment against the defendant equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of this offense, for which defendant is jointly and severally liable with co-defendants in the underlying matter.

  2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 21, United States Code, Sections 853(a), (p))**

          RONALD C. MACHEN, Jr.
          UNITED STATES ATTORNEY
          Bar No. 447-889

    BY: _____
          Darlene M. Soltys
          Bar. No. 431-036
          Assistant United States Attorney
          Violent Crime and Narcotics Trafficking Section
          555 4th Street, N.W.,
          Washington, D.C. 20530
          (202) 252-7685
          Darlene.Soltys@usdoj.gov