UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| | : | |
| v. | : | Criminal No.  13-      (EGS) |
| | : | **(UNDER SEAL)** |
| JENNIFER JOHNSON | : | |
|    Defendant. | : | |

**GOVERNMENT'S MOTION TO SEAL THE CRIMINAL
INFORMATION AND OTHER PLEADINGS, RECORDS,
PROCEEDINGS AND FILES, AND TO DELAY ENTRY ON
THE PUBLIC DOCKET OF THE FILING OF THIS
MOTION TO SEAL AND ALL RELATED MATTERS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this motion to seal the accompanying criminal information, as well as all other pleadings, proceedings, records and files in this case, including the instant motion to seal, and to delay entry on the public docket of this motion to seal and all related matters.  In support of this motion, the government states as follows:

The defendant in this case has agreed to enter a plea of guilty to an information charging Conspiracy to Distribute and Possess with the intent to distribute heroin, in violation of 21 U.S.C. § 846.  She is one of twelve defendants in this case, assigned case number Cr. No. 12-253.

The sealing is necessary because the Information, plea agreement and related pleadings contain sensitive information, and disclosure of which would not be in the interest of the defendant, the government, or the public.

As part of the plea agreement, the defendant has agreed to cooperate with the government. Accordingly, it is essential that any information concerning the resolution of her pending case in this district, as well as the specific terms of the plea agreement, be kept sealed for the time being.

Based on the nature of the ongoing criminal investigation, the government submits that public disclosure of the defendant's cooperation would likely compromise this ongoing criminal investigation by (1) placing the personal safety of the cooperating defendant, undercover agents, other law enforcement officials and innocent third parties at substantial risk; (2) alerting potential targets of the investigation, thereby causing the cooperating defendant to be reluctant to continue her cooperation; (3) causing prospective witnesses, including the cooperating defendant, to be deterred from testifying or to be less likely to provide truthful testimony to the grand jury; and (4) causing potential witnesses and targets to destroy documents and other evidence.  Each of these factors is particularly important in this instance because violent reprisals are common to major criminal violators in general.   It is common practice for individuals associated with criminal organizations to obtain a PACER password and  to check the public record in the Criminal Clerk's office to ascertain whether the government has filed any pleadings under seal in cases against former associates.  It is common knowledge to criminal organizations operating in this city that the docketing of a motion to seal a plea agreement or the filing of sealed pleadings in a criminal case signals the fact that the charged defendant has agreed to cooperate with law enforcement. Consequently, public notice of the filing of the sealed pleadings or proceedings, itself, is likely to compromise any ongoing criminal and grand jury investigation and present a substantial risk to the personal safety of cooperating individuals, undercover agents, other law enforcement officials taking part in the covert investigation, and, in some cases, innocent bystanders.

Accordingly, the government submits that these facts present an extraordinary situation and a compelling governmental interest which justify not only the sealing of the criminal information and all other pleadings, records, proceedings, and files in this case, but also a delay in the public docketing of the filing of these sealed pleadings and the accompanying order until (1) the substantial risk to the personal safety of cooperating individuals; and (2) the government represents that it can continue its criminal investigation without substantial risk that it would be jeopardized due to the public docketing of the fact that sealed pleadings have been filed in this case.  See Washington Post v. Robinson, 935 F.2d 282, 289 (D.C. Cir. 1991).

Defense counsel, Tom Abbenante, has been advised of the contents of this motion and has informed the undersigned prosecutor of his support for this motion.

WHEREFORE, it is respectfully requested that this motion be granted.

>Respectfully submitted,
>
>RONALD C. MACHEN, Jr.
>United States Attorney
>
>_____
>MAGDALENA ACEVEDO
>DC BAR No. 982591
>Assistant United States Attorney
>Violent Crime and Narcotics Trafficking section
>Room 4235
>555 4th Street, N.W.
>Washington, D.C. 20001
>Magdalena.acevedo@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion has been served by electronic mail on counsel for the defendant on this 20th day of March, 2013.

                                                                 MAGDALENA ACEVEDO
                                                                 ASSISTANT UNITED STATES ATTORNEY